# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-386V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| WILLIAM MORRISON, | |
| Petitioner, | Special Master Jennifer A. Shah |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: December 2, 2024 |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Anne Toale*, Maglio Christoper & Toale, P.A., Sarasota, FL, for Petitioner
*Adam Muffett*, U.S. Department of Justice, Washington, DC, for Respondent

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On September 2, 2017, William Morrison ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Pet. (ECF No. 1). Petitioner alleges he developed Guillain-Barré syndrome ("GBS") as a result of the pneumococcal ("Prevnar-13") vaccine he received on September 3, 2018. Pet. at 1. On July 18, 2024, following an entitlement hearing with expert testimony from both parties, former Special Master Katherine E. Oler issued a detailed decision dismissing the petition. ECF No. 119.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

On May 6, 2024, Petitioner filed an application for interim attorneys' fees and costs ("Interim Fees App."). ECF No. 115. Petitioner requested $332,756.99, consisting of $294,843.50 in interim attorneys' fees and $37,913.49 in interim attorneys' costs. Interim Fees App. at 1-2. On May 20, 2024, Respondent filed a response ("Interim Fees Resp.") stating that he "defer[red] to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award, as set forth in *Avera*." Interim Fees. Resp. at 2-4. Petitioner filed a reply ("Interim Fees Reply") the same day. ECF No. 118.

This case was reassigned to me on August 13, 2024. ECF No. 121. On September 18, 2024, Petitioner filed an application for final attorneys' fees and costs ("Final Fees App."), requesting the amounts sought in the interim fee application, along with an additional $6,991.00 in attorneys' fees and $210.27 in attorneys' costs. ECF No. 123. Respondent filed a response ("Final Fees Resp.") on September 19, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case…. Respondent therefore respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Final Fees Resp. at 2-3. Petitioner filed a reply ("Final Fees Reply") the next day. ECF No. 125. Pursuant to General Order No. 9, Petitioner has confirmed that he personally did not incur any costs related to the prosecution of his petition. Ex. 113.

This matter is now ripe for consideration.

**I.   Legal Standards**

Section 15(e) (1) of the Vaccine Act permits a special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act; furthermore, even if they are unsuccessful, they are eligible for such an award so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

If a petitioner is eligible for an award of fees and costs, it is "well within the special master's discretion" to determine the reasonableness of such fees and costs. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

Reasonable hourly rates for attorneys' fees are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of proving that the requested hourly rate is reasonable. *Id.*

### A. Good Faith

The good faith requirement is assessed through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). The requirement "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### B. Reasonable Basis

Unlike the good faith inquiry, a reasonable basis analysis requires more than just evaluating a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). "[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018).

Although the Vaccine Act does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286; *see* 42 U.S.C. § 300aa-13(a)(1) (special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion."). The *Chuisano* Court agreed that a petition that relied only on temporal proximity and a petitioner's affidavit did not have a reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y of Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

Recently, the Federal Circuit clarified that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

3

When determining if a reasonable basis exists, a special master may consider a number of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018). This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Good Faith and Reasonable Basis

Based on the filings of the parties, good faith and reasonable basis are not disputed. Respondent, in response to Petitioner's final fees application, stated that he was "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case…. Respondent therefore respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Final Fees Resp. at 2-3. I find that the good faith and reasonable basis requirements have been satisfied here.

### B. Attorneys' Fees

Petitioner retained Ms. Anne Toale and the Maglio Christopher & Toale ("MCT") law firm to represent him in this matter. *See generally* Interim Fees App. and Final Fees App. Petitioner requests a total of $301,834.50 in attorneys' fees. Ex. 104 at 21; Ex. 111 at 3.

#### 1. Reasonable Hourly Rate

As noted, a reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 895 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the reasoning of *McCulloch* and issues an annual Fee Schedule based on that decision.[3]

---

[3] The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf;
The 2023 Fee Schedule can be accessed at https://uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf;
The 2024 Fee Schedule can be accessed at: https://uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2024.pdf.

Petitioner requests compensation for his attorney, Ms. Toale, at the following hourly rates: $500.00 per hour for work performed in 2022; $535.00 per hour for work performed in 2023; and $570.00 per hour for work performed in 2024. Ex. 104 at 21. Petitioner also requests an hourly compensation of $492.00 per hour for work performed in 2023 by Ms. Alison Haskins; $370.00 per hour for work performed in 2023 and $410.00 per hour for work performed in 2024 by Ms. Catherine Costigan; $295.00 per hour for work performed in 2023 by Ms. Elizabeth Abramson; and $525.00 per hour for work performed in 2023 by Ms. Diana Stadelnikas. *Id.* Petitioner also seeks compensation for paralegals, ranging from $170.00-180.00 per hour for work performed in 2022-24. *Id.*

Ms. Toale and her colleagues have been previously awarded their 2022-2024 rates by other special masters. *See, e.g., Ferrari v. Sec'y of Health & Hum. Servs.*, No. 19-93V, 2024 WL 4503644, at *2 (Fed. Cl. Spec. Mstr. Aug. 22, 2024); *Mekwinski v. Sec'y of Health & Hum. Servs.*, No. 16-859V, 2024 WL 4043676, at *1 (Fed. Cl. Spec. Mstr. July 23, 2024); *Ciccarelli v. Sec'y of Health & Hum. Servs.*, No. 19-261V, 2024 WL 1617318, at *2 (Fed. Cl. Spec. Mstr. Feb. 15, 2024). Accordingly, I find the requested rates are reasonable and that no adjustment is warranted.

2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). Ultimately, however, it is "well within the [s]pecial [m]aster's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. Such a reduction may be made *sua sponte*, even in the absence of enumerated objections from Respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Savin*, 85 Fed. Cl. at 318.

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. *Broekelschen*, 102 Fed. Cl. at 729. Instead, the special master may make a global reduction to the total amount of fees requested. *See Hines*, 22 Cl. Ct. at 753 ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

Petitioner's counsel has provided a breakdown of hours billed. I address a few of Ms. Toale's/MCT's billing practices below.

a. Work Associated with Entitlement Hearing and Damages Briefing

The record shows that, in 2023, Ms. Toale billed 309.8 hours and Ms. Costigan billed 238.2 hours preparing for the March 29-30, 2023 entitlement hearing and on post-hearing briefing.

---

The hourly rates contained within the schedules are updated based on *McCulloch*, 2015 WL 5634323.

I note that the MCT law firm has tried a number of cases involving the Prevnar-13 vaccine and GBS.[4]  While each case has its own facts, experts, and filings and must be considered individually, there was no real dispute in this case regarding Petitioner's diagnosis or the timing of onset; therefore, this case largely turned on the causation theory.  With that in mind, the claim of 548 hours spent on this one case is excessive.  Ms. Costigan, for example, spent approximately 45 hours[5] reviewing Petitioner's submitted medical literature and preparing the medical literature summary, which is excessive given MCT's institutional experience with this vaccine/injury combination.  Counsel also spent unnecessary time briefing damages when entitlement had not yet been decided.  *See* Motion for Ruling on Damages (ECF No. 99).

        b.   Travel Time

Petitioner requests a total of six hours of travel time for Ms. Toale's travel to and from the entitlement hearing, totaling $3,210.00 (at her hourly rate of $535.00).  *See* Ex. 104 at 13-14.  Ms. Toale's flights were between Washington, D.C., and Hartford, Connecticut, which appears to be an approximately 1.5-hour flight.  Factoring in travel to and from the airport, three hours each way seems to be a reasonable amount for travel time.  However, with respect to the rate charged, although Petitioner states that Ms. Toale's travel time was billed at half her rate, the fee application does not reflect such a reduction, as Ms. Toale billed $1,605.00 for each leg of her trip.  *See* Ex. 104 at 13,14.  This might be a billing error, but counsel should be mindful of this issue in the future.

The Vaccine Program routinely compensates attorneys at half their normal rate for time spent traveling.  *See, e.g., Kuttner v. Sec'y of Health & Hum. Servs.*, No. 06-195V, 2009 WL 256447, at *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009); *Carter v. Sec'y of Health & Hum. Servs.*, No. 04-1500V, 2007 WL 2241877, at *6 (Fed. Cl. Spec. Mstr. Jul. 13, 2007); *Scoutto v. Sec'y of Health & Hum. Servs.*, No. 90–3576, 1997 WL 588954, at *5 (Fed. Cl. Spec. Mstr. Sept. 5, 1997); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99–533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. Jul. 25, 2011); *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Hum. Servs.*, No. 01-61V, 2006 WL 3419805, at *12–13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  However, special masters need not dogmatically apply this rule; rather, "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Hum. Servs.*, 91 Fed. Cl. 773, 791–2 (2010).  An attorney who documents that he or she worked on the case in question while flying, for example, might be entitled to regular compensation for some of that time, but even if some work is done while on a plane, other parts of the trip will not involve work time.  For example, travel from the office to the airport, traversing the airport, hotel check-in, and time spent driving and flying should all be billed at half-rate.

---

[4] *Bielak v. Sec'y of Health & Hum. Servs.,* No. 18-761V, 2023 WL 35509 (Fed. Cl. Spec. Mstr. Jan. 3, 2023); *Eckart v. Sec'y of Health & Hum. Servs.*, No. 22-1259V, 2023 WL 9318047 (Fed. Cl. Spec. Mstr. Dec. 18, 2023); *Anderson v. Sec'y of Health & Hum. Servs.*, No. 18-484V, 2024 WL 557052 (Fed. Cl. Spec. Mstr. Jan. 17, 2024); *Bartoszek v. Sec'y of Health & Hum. Servs.*, No. 17-1254V, 2024 WL 4263604 (Fed. Cl. Spec. Mstr. Aug. 27, 2024).

[5] *See* billing entries on 1/24/2023, 1/27/2023, 2/3/2023, 2/4/2023, 2/5/2023, 2/6/2023, 2/7/2023, 2/8/2023, 2/10/2023, 2/11/2023, 2/13/2023, 2/14/2023, 2/16/2023.

Petitioner's attorneys have previously been denied their full rate for travel time. *Day v. Sec'y of Health & Hum. Servs.*, No. 12-630V, 2017 WL 3381049 (Fed. Cl. Spec. Mstr. Jul. 11, 2017); *Gruber*, 91 Fed. Cl. 773, 790–91; *Bassett v. Sec'y of Health & Hum. Servs.*, No. 15-1231V, 2017 WL 2883899 (Fed. Cl. Spec. Mstr. Mar. 23, 2017). I find that Ms. Toale's travel time should be compensated at half her rate.

      c.   Administrative Tasks

Several entries in the submitted billing records are for clerical or administrative tasks. For instance, there are entries for paralegals preparing a notice of filing and updating the file. *See generally* Ex. 104. In the Vaccine Program, this type of administrative work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (citing Rochester, 18 Cl. Ct. at 387).

Considering all these issues together, I will apply an overall 5% reduction to Petitioner's requested attorneys' fees. Ms. Toale and the MCT firm have had fees reduced by similar percentages in other cases. *See, e.g.*, *Howells v. Sec'y of Health & Hum. Servs.*, No. 17-142V, 2023 WL 3750380, at *6-7 (Fed. Cl. Spec. Mstr. June 1, 2023) (reducing Ms. Toale's attorneys' fees by 5% for clerical and administrative time); *Dixon-Jones v. Sec'y of Health & Hum. Servs.*, 2020 WL 6058571 at *3 (Fed. Cl. Spec. Mstr. Sep. 8, 2020) (15% cut for excessive time in trial preparation); *Reed v. Sec'y of Health & Hum. Servs.*, No. 08-650V, 2019 WL 2500417, at *4 (Fed. Cl. Spec. Mstr. May 21, 2019) (reducing Ms. Toale's attorneys' fees by 5%).

Accordingly, I award Petitioner a total of **$286,742.78** in attorneys' fees.

**C. Reasonable Costs**

Petitioner requests a total of $38,123.76 in attorneys' costs: $33,275.00 for Dr. Lawrence Steinman's preparation and testimony during the entitlement hearing; $39.16 for shipping costs; $151.60 for medical record requests; $1,497.20 for the entitlement hearing transcript; $783.75 for legal research costs; and $2,377.05 for Ms. Toale's entitlement hearing travel expenses. *See* Ex. 105 at 1-2; Ex. 112 at 1. Petitioner provided documentation of the shipping costs, entitlement hearing transcript, medical record requests, and legal research costs, and I find those expenses to be appropriate. I discuss Ms. Toale's travel expenses and Dr. Steinman's expert costs below.

      1.   Ms. Toale's Entitlement Hearing Travel Expenses

Ms. Toale has provided receipts for all of her requested travel associated expenses, and they all appear reasonable except for the claimed hotel expenses. Ms. Toale stayed at the Capital Hilton for four nights. Her total charge for the stay was $2,033.62. Ex. 105 at 23-24. Ms. Toale ate

7

several meals at the hotel totaling $72.80.[6]  Thus, her hotel costs were approximately $490.21 per night.  Ms. Toale's stay at the Capital Hilton began on March 27, 2023, and ended on March 30, 2023.  *Id.*  The entitlement hearing took place on March 29-30, 2023.

Special masters have declined to compensate petitioners for extra nights in a hotel or when the hotel nightly rate is too high.  *See, e.g., Gramza*, 2017 WL 3574794, at *5; *Fuller on behalf of B.F. v. Sec'y of Health & Human Servs.*, No. 15-1470V, 2019 WL 4648907, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019) (refusing to compensate petitioner for two extra nights in a hotel due to "the difficulty of traveling with a 1 year old"); *Broekelschen v. Sec'y of Health & Human Servs.*, No. 07-137V, 2011 WL 2531199, at *13 (Fed. Cl. Spec. Mstr. June 3, 2011) (refusing to compensate petitioner's counsel for an extra night's hotel stay, when counsel arrived two days before oral argument presumably "to accommodate time zone changes"), *mot. for review denied*, 102 Fed. Cl. 719 (2011);  *Schultz v. Sec'y of Health & Hum. Servs.*, No. 16-539V, 2020 WL 1987784, at *3-4 (Fed. Cl. Spec. Mstr. Mar. 25, 2020) (reducing the requested hotel costs by 50%); *Salmins v. Sec'y of Health & Hum. Servs.*, No. 11-140V, 2016 WL 806175, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2016) (awarding counsel and expert $300.00 per hotel night).  Given Ms. Toale's extra night's stay and high nightly rate, I will reduce the claimed hotel costs by 50%, to $980.41.

### 2. Dr. Lawrence Steinman's Expert Costs

Dr. Steinman billed 60.5 hours for his preparation, testimony, and attendance at the entitlement hearing in this case.  Ex. 105 at 40.  This appears reasonable.  Dr. Steinman's hourly rate of $550.00 has been approved by other special masters, and I see no reason to conclude otherwise.  *See, e.g., Payne v. Sec'y of Health & Hum. Servs.*, No. 20-0463V, 2023 WL 4854736, at *3 (Fed. Cl. Spec. Mstr. June 28, 2023); *Morrison v. Sec'y of Health & Hum. Servs.*, No. 18-386V, 2023 WL 1873254, at *7 (Fed. Cl. Spec. Mstr. Feb. 10, 2023); *Anderson v. Sec'y of Health & Hum. Servs.*, No. 20-440V, 2022 WL 3151737, at *3 (Fed. Cl. Spec. Mstr. July 13, 2022).

I award Petitioner a total of **$37,143.35** in attorneys' costs.

## III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

- A lump sum in the amount of **$323,886.13**, representing reimbursement of Petitioner's attorneys' fees and costs, in the form of a check jointly payable to Petitioner and his attorney, Anne Toale.

---

[6] Ms. Toale had $180.80 in hotel food charges.  As a Hilton Honors member, she also had three days of a daily $36.00 food credit; therefore, her hotel food charges totaled $72.80.  *See* Ex. 105 at 23-24.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.